## STATE OF LOUISIANA v. W. W. SMITH.

No special legislative enactment is necessary to authorize District Attorneys, either with or without instructions from the Governor, to bring suits to annul patents granted by the State.

APPEAL from the District Court of the Parish of Caddo, *Creswell*, J. *Hodge, Landrum* and *Land*, for appellee.

MERRICK, C. J. Defendant's counsel states the case for our consideration as follows, viz :

"This suit was instituted by *Hinton Smith*, District Attorney, at the instance and request of the Governor, to annul a patent issued by the State to the defendant for a tract of land known as Silver Lake, purchased by him under the Act of the Legislature " authorizing the Register of the Land Office to sell certain shallow lakes in the State of Louisiana." See Acts of 1853, p. 257.

" The defendant excepted to the right of the District Attorney to institute this suit *without legislative authority.* The exception was sustained, and the suit dismissed. The District Attorney has taken this appeal."

" The *right of the State to sue* is not in question. *The right* of the District Attorney *to institute this suit without legislative authority* is the question for determination."

The State of Louisiana, as a sovereign, would be singularly deficient in power, if there did not at all times exist in some of her officers a capacity to institute suits and take out legal measures on her behalf to protect her rights, without awaiting the tardy action of the Legislative department, which is in session only sixty days each year.

Consequently, we might confidently expect to find such power granted by the Constitution and the laws. On looking into the Constitution, we find the powers of the State distributed into three departments, legislative, executive and judicial. Arts. 1 and 2.

· Article 38 declares that the *supreme executive power* of the State shall *be vested* in a chief magistrate, who shall be styled Governor of the State of Louisiana.

As these powers are subsequently defined by the Constitution, it is supposed that Article 55 which declares that " he shall take care that the laws be faithfully executed," limits his power to a mere execution and enforcement of the laws. To an argument of such extreme nicety it may be replied, that if the laws give the State of Louisiana the land in controversy, it is but an execution of the laws to enforce them, through the intervention of the judiciary.

The Governor, therefore, was authorized to give the instructions to the District Attorney.

And the Attorney was authorized to institute this suit either with or without such instructions. Sec. 8 of the Act of 1855, p. 369, makes it the duty of the District Attorneys ." to pursue on behalf of the State such legal measures as they may deem expedient, for the recovery of all claims of the State, the recovery of which is not otherwise provided for, and to report their proceedings annually to the Auditor before the meeting of the Legislature." Revised Statutes, p. 183.

The next section, granting the District Attorney five per cent. on all " amounts by them recovered and paid to the State," does not necessarily limit the more general terms used in the preceding section.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the exceptions be overruled and the cause be remanded to the lower court for further proceedings, according to law, and that the defendant pay the costs of the appeal.